UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL G. ELLIS,<br><br>             Plaintiff,<br>   v.<br><br>STATE OF ARIZONA, et al.,<br><br>             Defendants. | CASE NO. C22-1480JLR<br><br>ORDER DISMISSING ACTION UNDER 28 U.S.C. § 1915(e)(2)(B) |

## I.    INTRODUCTION

Before the court are (1) *pro se* Plaintiff Michael G. Ellis's 42 U.S.C. § 1983 civil rights complaint against Defendants the State of Arizona, JP Morgan Chase, and thirteen named individuals (collectively, "Defendants") (Compl. (Dkt. # 3)) and (2) Magistrate Judge Michelle L. Peterson's order granting Mr. Ellis's application to proceed *in forma pauperis* ("IFP") and recommending that the court review his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (IFP Order (Dkt. # 2)).  Under 28 U.S.C. § 1915(e)(2), district courts have authority to review IFP complaints and must dismiss them if "at any time" it

ORDER - 1

is determined that a complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2); *see also id.* § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not just those filed by prisoners). The court has considered Mr. Ellis's complaint and the governing law. Being fully advised, the court DISMISSES Mr. Ellis's complaint without prejudice and with leave to amend.

## II. BACKGROUND

Mr. Ellis filed his complaint on October 19, 2022, against the State of Arizona; JP Morgan Chase and one of its employees; his former private criminal defense attorney, Thomas Kelly, and his paralegal; the prosecutors in his Arizona criminal case; his former public defenders and their legal secretary; an Arizona State Bar employee; and several additional individuals whose relevant actions and places of employment are not described in the complaint. (*See generally* Compl.) He states that he is alleging claims for violations of his rights under the Fourteenth, Eighth, Sixth, and Fifth Amendments to the United States Constitution. (*Id.* at 7.[1])

The events Mr. Ellis describes in his complaint began after his arrest for arson in February 2011 in Yavapai County, Arizona. (*See id.* at 2, 26.) He alleges that his private defense attorney, Mr. Kelly, deceived him by working in concert with the State of Arizona to allow a "false entry" to be forged into his plea agreement in May 2012, resulting in his sentence for arson being changed to a "flat-time" sentence that prohibited

---

[1] The court cites to the ECF page numbers in the header of Mr. Ellis's complaint and exhibits.

ORDER - 2

him from earning good-time credits.  (*Id.* at 2, 16-17; *see also* Exhibits (Dkt. # 4) at 80 (sealed).)  As a result, according to Mr. Ellis, he served 570 days of unlawful confinement in a correctional facility in Arizona.  (*See id.* at 2.)  He alleges that he was administered medication when he was in detention in or about 2013 that caused him physical injuries.  (*Id.* at 9.)  Mr. Ellis also alleges perjury by witnesses to his alleged crime.  (*Id.* at 20-25.)

With respect to JP Morgan Chase, Mr. Ellis alleges that the bank "destroyed" his bank accounts in June 2011 "on behest of Arizona state officials' undue influence" to conceal the Arizona state officials' seizure of checkbooks from his home and that he was subjected to bank fraud between February 2011 and approximately April 2011 to prohibit him from hiring private counsel in his criminal matter.  (*Id.* at 8, 27-29.)

Mr. Ellis is no longer in custody.  (*Id.* at 1; *see also* IFP App. (Dkt. # 1).)

### III.  ANALYSIS

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed IFP "at any time" if it determines (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  Dismissal for failure to state a claim is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Because Mr. Ellis is a *pro se* plaintiff, the court must construe his pleadings liberally.  *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).  Nonetheless, his complaint must still contain factual allegations "enough to raise a right to relief above the

speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true a legal conclusion presented as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555); *see* Fed. R. Civ. P. 8(a) (requiring a pleading to "contain . . . a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief").

Here, Mr. Ellis's complaint is subject to dismissal because his civil rights claims are barred by the statute of limitations. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) they suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The statute of limitations for federal civil rights claims under Section 1983 is the same as that which the forum state provides for personal injury torts. *Bird v. Dep't of Human Servs.*, 935 F.3d 738, 743 (9th Cir. 2019). In Washington, the statute of limitations for personal injury actions—and therefore for Section 1983 claims—is three years. *See* RCW 4.16.080(2).[2] A civil rights claim accrues under federal law "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 952 (9th Cir. 2022). The conduct alleged

---

[2] In Arizona, where the events at issue in the complaint took place, the statute of limitations is two years. *See* Ariz. Rev. Stat. § 12-542.

ORDER - 4

in Mr. Ellis's complaint and referred to in his exhibits took place between February 2011, when he was arrested, and approximately May 2013.  (*See generally* Compl.; Exhibits.) Although Mr. Ellis states that the events giving rise to his claims occurred "on or about January 6, 2020" (Compl. at 9), he does not describe any events or injuries that occurred on that date or otherwise explain its significance.  As a result, because none of the conduct or injuries that form the basis of Mr. Ellis's claims occurred within three years before the October 19, 2022 filing date of his complaint, the court DISMISSES Mr. Ellis's Section 1983 civil rights claims as barred by the statute of limitations.

Mr. Ellis's complaint is also subject to dismissal for improper venue.  A plaintiff must bring his or her action in "(1) a judicial district where any defendant resides, if all defendants are residents of the [same state]; (2) a judicial district in which a substantial part of the events . . . giving rise to the claim occurred . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  Although Mr. Ellis resides in Auburn, Washington (*see* Compl. at 1), he does not allege that any of the Defendants reside in Washington, that any of the events giving rise to his claims took place in Washington, or that this court otherwise has personal jurisdiction over any of the Defendants (*see generally id.*).  To the contrary, it appears that all of the Defendants' relevant contacts are with Arizona.  (*Id.*) When a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have

been brought." 28 U.S.C. § 1406(a). Accordingly, the court also DISMISSES Mr. Ellis's complaint for improper venue.

When a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). In light of the Ninth Circuit's liberal policy favoring amendment, the court GRANTS Mr. Ellis leave to file an amended complaint. If he does so, he must include short, plain statements setting forth (1) the specific basis of the court's jurisdiction; (2) the constitutional or statutory right he believes was violated; (3) the name of the defendant or defendants who violated that right; (4) exactly what that defendant did or failed to do and when that conduct occurred; (5) how the defendant's action or actions are connected to the violation of his rights; (6) the specific injury he suffered as a result of that defendant's conduct and when he suffered it; and (7) why venue is proper in the United States District Court for the Western District of Washington. Mr. Ellis shall file his amended complaint, if any, no later than **November 15, 2022**. If Mr. Ellis fails to timely comply with this order or fails to file an amended complaint that remedies the deficiencies discussed in this order, the court will dismiss his complaint without leave to amend.[3]

---

[3] The court observes that there may be additional grounds for dismissal of Mr. Ellis's claims even if Mr. Ellis is able to bring those claims within the statute of limitations. For example, public defenders are private individuals for purposes of Section 1983 and thus do not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). In addition, a private attorney, even if appointed and paid for by the state, is not acting under color of state law when performing his functions as counsel. *Id.* And Mr. Ellis's claims against the State of Arizona may be barred by the Eleventh Amendment absent evidence that the state has consented to be sued for damages. *See Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 953 (9th Cir. 2008). The court will address these issues if they arise in Mr. Ellis's amended complaint, if any.

## IV. CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. Ellis's complaint (Dkt. # 3) without prejudice and with leave to file an amended complaint that corrects the deficiencies identified herein by no later than **November 15, 2022**.

Dated this 26th day of October, 2022.

JAMES L. ROBART
United States District Judge