UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL G. ELLIS, | CASE NO. C22-1480JLR |
| Plaintiff, | ORDER |
| v. | |
| STATE OF ARIZONA, et al., | |
| Defendants. | |

Before the court are (1) *pro se* Plaintiff Michael G. Ellis's amended 42 U.S.C. § 1983 civil rights complaint against Defendants the State of Arizona, JP Morgan Chase, fourteen named individuals, and State Farm Insurance Company (collectively, "Defendants") (Am. Compl. (Dkt. # 6)) and (2) Mr. Ellis's motion to appoint counsel to represent him in this matter (Mot. (Dkt. # 8)).  Because Mr. Ellis has not alleged facts sufficient to show that venue is proper in the Western District of Washington, the court DISMISSES this action without prejudice and DENIES Mr. Ellis's motion to appoint counsel.

ORDER - 1

On October 26, 2022, the court dismissed Mr. Ellis's initial complaint without prejudice and with leave to amend because (1) his claims, which were based on conduct that appeared to have occurred between 2011 and 2013, were barred by the statute of limitations for Section 1983 claims arising in Washington and (2) venue in the Western District of Washington appeared to be inappropriate because none of the events described in his complaint appeared to have taken place in Washington.  (10/26/22 Order (Dkt. # 5) at 4-6.)  The court instructed Mr. Ellis that if he chose to amend his complaint, the amended complaint:

> must include short, plain statements setting forth (1) the specific basis of the court's jurisdiction; (2) the constitutional or statutory right he believes was violated; (3) the name of the defendant or defendants who violated that right; (4) exactly what that defendant did or failed to do and when that conduct occurred; (5) how the defendant's action or actions are connected to the violation of his rights; (6) the specific injury he suffered as a result of that defendant's conduct and when he suffered it; and (7) why venue is proper in the United States District Court for the Western District of Washington.

(*Id.* at 6.)

Mr. Ellis timely filed his amended complaint on November 8, 2022.  (Am. Compl.)  Mr. Ellis's amended complaint does not, however, satisfy the instructions that the court outlined in its prior order.  (*See generally id.*)  In particular, Mr. Ellis has not included allegations that show that venue is proper in the Western District of Washington.  A plaintiff must bring his or her action in "(1) a judicial district where any defendant resides, if all defendants are residents of the [same state]; (2) a judicial district in which a substantial part of the events . . . giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this

section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  Although Mr. Ellis resides in Auburn, Washington (*see* Am. Compl. at 2), he does not allege that any of the Defendants reside in Washington, that any of the events giving rise to his claims occurred in Washington, or that this court otherwise has personal jurisdiction over any of the Defendants (*see generally id.*).  To the contrary, as with Mr. Ellis's initial complaint, it appears that nearly all of the Defendants reside in Arizona and that all of the events described took place in Arizona.  (*See generally id.*)  Accordingly, it appears that this court lacks venue for this action and that venue would instead be proper in the District of Arizona.

When a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  Therefore, the court DISMISSES this action without prejudice so that Mr. Ellis may re-file his complaint, if appropriate, in the District of Arizona.  Because venue is improper in this district, the court also DENIES Mr. Ellis's motion to appoint counsel (Dkt. # 8) without prejudice to re-filing his motion in his District of Arizona action, if any.

Dated this 10th day of November, 2022.

JAMES L. ROBART
United States District Judge